Josette MAURIL, Petitioner,

v.

Alberto R. GONZALES,[1] Attorney General, Respondent.

No. 04–3083–AG NAC.

United States Court of Appeals, Second Circuit.

April 4, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

G. Victoria Calle, New York, New York, for Petitioner.

Jim Letten, United States Attorney for the Eastern District of Louisiana, Paul S. Weidenfeld, Diane Hollenshead Copes, Assistant United States Attorneys, New Orleans, Louisiana, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Josette Mauril petitions for review of the BIA decision affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA's decision affirms the IJ's holding but modifies it, this Court will review the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ's adverse credibility finding was adequately supported by consistencies within Mauril's testimony and between her testimony and her written application. The inconsistencies concerned (1) whether the events that took place in January 2000 happened in the afternoon, or at 7:00PM, or at 9:00PM; (2) whether she escaped from her house after her boyfriend was beaten and killed; (3) whether the men shot her boyfriend or beat him to death; (4) whether she lost consciousness at her house; (5) if she lost consciousness, where she was when she regained consciousness; (6) when and where the men who killed her boyfriend picked her up by car; (7) whether the men took her to Cite Soleil or a place in downtown Port–au–Prince; (8) whether the men dropped her off after she was released from their custody; and (9) whether she went to live in Port–de–Paix after the attacks. All of these inconsistencies in the record relate to the basis of her claims. The IJ's adverse credibility finding is supported by substantial evidence.

Mauril's brief to the Court does not challenge the denial of her CAT claim or motion for voluntary departure, and these challenges are waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Accordingly, the petition for review is DENIED. Any stay of removal that the Court previously granted in this petition is

VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).